UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION


DONNIE LEE BOBO,

                    Petitioner,

                                                    Case Number 07-11154
v.                                                  Honorable Thomas L. Ludington

JERI ANN SHERRY,

                    Respondent.
_____/

### OPINION AND ORDER DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, AND LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL

Petitioner, Donnie Lee Bobo, a Michigan prisoner, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner was convicted of armed robbery, Mich. Comp. Laws § 750.529, felon in possession of a firearm, Mich. Comp. Laws § 750.224f, and possession of a firearm during the commission of a felony, Mich. Comp. Laws § 752.227b,  following a jury trial in the Wayne County Circuit Court.  He was sentenced as a fourth habitual offender, Mich. Comp. Laws § 769.12, to thirty-five to seventy years imprisonment on the armed robbery conviction, a concurrent term of two to five years imprisonment on the felon in possession conviction, and a consecutive term of two years imprisonment on the felony firearm conviction.  In his application, Petitioner challenges the sufficiency of the evidence, the habitual offender notice and sentence, the effectiveness of trial and appellate counsel, and the state courts' refusal to grant him an evidentiary hearing on his claims.  Petitioner has failed to establish that he is entitled to federal habeas relief on the claims contained in his petition.  The Court, therefore, will deny the petition.  The Court will also deny a certificate of appealability and deny leave to proceed in forma pauperis on appeal.

I

Petitioner's convictions arise from the armed robbery of Carol Lynn Orr in the driveway of

her home in Detroit, Michigan on February 14, 2002.  Ms. Orr's teenage daughter, Yshieka Cooper,

was present during the incident.  The Court adopts the statement of facts set forth in Petitioner's

brief (taken from his direct appeal), as the respondent has not disputed them.  Those facts are as

follows:

> Ms. Orr testified she resided at the residence, that on the day in question she and her
> daughter, Ms. Cooper, had just arrived at her house after returning from the store,
> that she pulled into the driveway and as they were walking towards the garage, a man
> walked up, pulled out a weapon and told them to drop everything and back away
> from the car, that she dropped her pocketbook and keys, grabbed her daughter and
> ran towards the middle of her yard, saw the person pick up what she had dropped,
> that the weapon was small and black, that the whole incident lasted no more than five
> minutes, that the person was wearing a black leather jacket with a fleece-hood, that
> the hood was not covering his face, that his pants were dark, did not recall the color
> of his shoes, that the man was five feet six inches or five feet seven inches, that she
> had seen the person earlier when she had to stop her car to let him cross the street,
> that after the man left she went into the house with her daughter, that her son opened
> the door, that she called the police, that when the police arrived she gave them a
> description of the person, that approximately a week later she attended a live lineup
> where she identified defendant, that the person took her cellular telephone, wallet,
> credit cards, and money, identified various photographs of the area around her house,
> that the street light was behind the man, that she saw the person that robbed her later
> that evening in the company of another person, that she called the police again, that
> she saw the person throwing things out of his pocket, that the next day she saw him
> at a gas station.  (I, 152-212).
>
> Ms. Cooper, daughter of the previous witness, testified she was with her mother
> when she was robbed, that the person was approximately six to seven feet away from
> her, that she saw a weapon, that the person pointed it at both of them, that she was
> told to drop everything, identified defendant, that she had seen him earlier that day
> when she was in a car which stopped to let him cross the street, that she had seen him
> that morning at a gas station, identified various photographs of her residence, that
> she gave a description of the person to the police which including his height, which
> she described as similar to hers (5'1"), that she had seen him several times in the
> neighborhood, admitted when she attended the corporeal lineup she at first identified
> someone else as the robber, then defendant, that the defendant had a faded haircut,

that the hood was on his head, but she was able to see where his hair line was, that
she had seen the person three or four times previously. (I, 214-247).

Officer Kraus testified he responded to the location, talked to the previous two
witnesses, and received a description of the clothing as well as a partial physical
description. (I, 248-256).

Officer Hansberry testified he arrested defendant on February 20, 2002, as a result
of a two-day surveillance operation. (I, 256-260).

Investigator Smith testified to conducting the lineup at a local precinct on the same
day as defendant's arrest, described how the lineup was conducted, that the two
witnesses independently viewed the lineup, repeated his description of the five
individuals who were in the lineup, that Ms. Orr immediately identified defendant,
that Ms. Cooper immediately identified another individual in the lineup, then after
looking at the entire array, identified defendant, that he took a statement from Ms.
Cooper at the precinct, denied Ms. Cooper received a prompt before identifying
defendant. (II 261-282).

Pet. App. Brf., pp. 3-5.

Petitioner did not testify in his own defense.  At the conclusion of the trial, the jury found

him guilty of armed robbery, felon in possession of a firearm, and felony firearm.  Following

sentencing, Petitioner pursued a direct appeal in the Michigan appellate courts,  asserting that:  (1)

his convictions should be reversed because of the insufficiency of the evidence, and (2) he is entitled

to re-sentencing where the notice of habitual offender sentence enhancement did not comply with

the statutory requirements.  The Michigan Court of Appeals affirmed his convictions and sentence.

*People v. Bobo*, No. 246628, 2004 WL 1228358 (Mich. Ct. App. June 3, 2004).  The Michigan

Supreme Court denied leave to appeal.  *People v. Bobo*, 471 Mich. 951, 690 N.W.2d 104 (2004).

Petitioner subsequently filed a motion for relief from judgment, including a request for an

evidentiary hearing, with the state trial court asserting that: (1) he was denied the effective assistance

of trial counsel where counsel failed to move the court for a directed verdict on the felon in

possession of a firearm charge, (2) he was denied the effective assistance of trial counsel where

counsel failed to object to the scoring of Offense Variables 4 and 12, thereby entitling him to re-

sentencing due to the trial court's plain error, and (3) he was denied the effective assistance of

appellate counsel where counsel failed to raise the two claims of ineffective assistance of trial

counsel on direct appeal.  The trial court denied the motion under Michigan Court Rule 6.508(D)

because "it plainly appears from the face of the materials submitted that [Petitioner] is not entitled

to relief."  *People v. Bobo*, No. 02-3422 (Wayne Co. Cir. Ct. Aug. 15, 2005).

Petitioner attempted to present a supplemental issue to the trial court challenging the court's

authority to sentence him as a habitual offender, but his motion to amend was denied as it was

received after the trial court denied relief.  Petitioner then filed an application for leave to appeal in

the Michigan Court of Appeals raising all four issues, which was denied "for failure to meet the

burden of establishing entitlement to relief under MCR 6.508(D)."  *People v. Bobo*, No. 266283

(Mich. Ct. App. May 17, 2006).  Petitioner also sought leave to appeal with the Michigan Supreme

Court raising the same four issues, as well as a claim that the trial and appellate courts erred in

denying him an evidentiary hearing on his claims, but his application was similarly denied.  *People*

*v. Bobo*, 477 Mich. 914, 722 N.W.2d 859 (2006).

Petitioner thereafter filed the present habeas petition with this Court, asserting the following

claims as grounds for relief:

I.      Petitioner's convictions should be reversed because there was insufficient
        evidence to find for them.

II.     Petitioner is entitled to re-sentencing where the notice of habitual offender
        sentence enhancement did not comply with the statutory requirements.

III.    Where the appellate court's complete failure to adequately address
        Petitioner's claim concerning his entitlement to re-sentencing because the
        trial court lacked the statutory authority to sentence him as a habitual
        offender when the prosecutor failed to file the habitual offender enhancement

information within the required time is tantamount to no appellate review; and divests the state court with subject matter jurisdiction in order to grant the requested relief.

IV.     The Michigan Court of Appeals failed to address Petitioner's claim that the sentencing court lacked the statutory authority to sentence him as a habitual offender.

V.      Trial counsel was constitutionally defective when he failed to move the court for a directed verdict on the charge of felon in possession of a firearm after the People rested their case-in chief.

VI.     Petitioner was denied the effective assistance of trial counsel where counsel failed to object to the erroneous scoring of Offense Variables 4 and 12, which entitles Petitioner to re-sentencing due to the plain error involved.

VII.    Petitioner was denied the effective assistance of appellate counsel where counsel failed to raise Petitioner's two claims of ineffective assistance of trial counsel with respect to trial counsel's failure to file a motion for a directed verdict and trial counsel's failure to object to the incorrect scoring of Offense Variables 4 and 12.

VIII.   The trial court, the Court of Appeals, and the Michigan Supreme Court's refusal to grant Petitioner's motion for an evidentiary hearing denied Petitioner a record of completeness to permit proper consideration of his appellate claims, which denied Petitioner due process of law.

The respondent, through the Attorney General's Office, has filed an answer to the petition contending that it should be denied.

II

Petitioner's claims are reviewed against the standards established by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA). This Act "circumscribe[d]" the standard of review federal courts must apply when considering applications for a writ of habeas corpus raising the question of effective assistance of counsel, as well as other constitutional claims. *See Wiggins v. Smith*, 539 U.S. 510, 520 (2003). The AEDPA applies to all habeas petitions filed after the effective date of the Act, April 24, 1996. *Lindh v. Murphy*, 521 U.S.

320, 336 (1997).  Because Petitioner's application was filed after that date, the provisions of the

AEDPA, including the amended standard of review, apply to this case.

> As amended, 28 U.S.C. § 2254(d) imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--

>> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

>> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  Therefore, federal courts are bound by a state court's adjudication of a

petitioner's claims unless the state court's decision was contrary to or involved an unreasonable

application of clearly established federal law.  *Franklin v. Francis*, 144 F.3d 429, 433 (6th

Cir.1998).  Mere error by the state court will not justify issuance of the writ; rather, the state court's

application of federal law "must have been objectively unreasonable."  *Wiggins v. Smith*, 539 U.S.

at 521 (quoting *Williams v. Taylor*, 529 U.S. 362, 409 (2000)) (internal quotes omitted).

Additionally, this Court must presume the correctness of state court factual determinations.  *See* 28

U.S.C. § 2254(e)(1) ("In a proceeding instituted by an application for a writ of habeas corpus by a

person in custody pursuant to the judgment of a State court, a determination of a factual issue made

by a State court shall be presumed to be correct."); *see also Austin v. Jackson*, 213 F.3d 298, 300

(6th Cir. 2000) ("All factual findings by the state court are accepted by this Court unless they are

clearly erroneous.").

The United States Supreme Court has explained the proper application of the "contrary to" clause as follows:

> A state-court decision will certainly be contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases. . . .
>
> A state-court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from [the Court's] precedent.

*Williams*, 529 U.S. at 405-06.

The Supreme Court held that a federal court should analyze a claim for habeas corpus relief under the "unreasonable application" clause of § 2254(d)(1) "when a state-court decision unreasonably applies the law of this Court to the facts of a prisoner's case." *Id*. at 409. The Court defined "unreasonable application" as follows:

> [A] federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable. . . .
>
> [A]n unreasonable application of federal law is different from an incorrect application of federal law. . . . Under § 2254(d)(1)'s "unreasonable application" clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.

*Id*. at 409, 410-11. *See also Dorchy v. Jones*, 398 F.3d 783, 787-88 (6th Cir. 2005); *McAdoo v. Elo*, 365 F.3d 487, 493 (6th Cir. 2004); *Rockwell v. Yukins*, 341 F.3d 507, 512 (6th Cir. 2003) (en banc).

III

A

Petitioner first asserts that he is entitled to habeas relief because the prosecution presented insufficient evidence to support his convictions. Petitioner essentially challenges the credibility of

the testimony identifying him as the perpetrator of the armed robbery. The respondent contends that this claim lacks merit.

In *Jackson v. Virginia*, 443 U.S. 307, 319 (1979), the United States Supreme Court established that a federal court's review of a sufficiency of the evidence claim must focus on whether "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." The Court must view this standard through the framework of 28 U.S.C. § 2254(d). *See Martin v. Mitchell*, 280 F.3d 594, 617 (6th Cir. 2002). The *Jackson* standard must be applied "with explicit reference to the substantive elements of the criminal offense as defined by state law." *Jackson*, 443 U.S. at 324 n. 16. "The mere existence of sufficient evidence to convict therefore defeats a petitioner's claim." *Matthews v. Abramajtys*, 319 F.3d 780, 788-89 (6th Cir. 2003) (citation omitted).

To convict a defendant of armed robbery under Michigan law, the prosecution must establish the following elements: (1) an assault, (2) a felonious taking of property from the victim's presence or person, (3) while the defendant is armed with a weapon described in the statute. *See* Mich. Comp. Laws § 750.529; *People v. Rodgers*, 248 Mich. App. 702, 707, 645 N.W.2d 294 (2001). The elements of felon in possession of a firearm are: (1) that the defendant was convicted of a felony and (2) that the defendant possessed a firearm within three or five years, depending on the underlying felony, since the defendant completed his term of incarceration, satisfied all conditions of probation and parole, and paid all fines. *See* Mich. Comp. Laws § 750.224f. The elements of felony firearm are that the defendant carried or possessed a firearm during the commission or attempted commission of a felony. *See* Mich. Comp. Laws § 750.227b; *People v. Akins*, 259 Mich.

-8-

App. 545, 554, 675 N.W.2d 863, 873 (2003) (quoting *People v. Avant*, 235 Mich. App. 499, 505, 597 N.W.2d 864 (1999)).

Applying the *Jackson* standard, the Michigan Court of Appeals denied relief on this claim concluding that the testimony of the victim, Ms. Orr, and her daughter, Ms. Cooper, recounting the armed robbery and identifying Petitioner as the perpetrator provided sufficient evidence to support Petitioner's convictions. *See Bobo*, 2004 WL 1228358 at *1. The Michigan Court of Appeals' determination is neither contrary to Supreme Court precedent nor an unreasonable application of the law to the facts. Ms. Orr and Ms. Cooper both testified that Petitioner robbed Ms. Orr at gunpoint in the driveway of Orr's home. They identified Petitioner as the perpetrator during a pre-trial lineup and again at trial. Such testimony provided sufficient evidence of identification.

Petitioner's insufficient evidence claim essentially challenges the credibility and weight to be accorded the evidence presented at trial. However, it is well-settled that "[a] federal habeas corpus court faced with a record of historical facts that supports conflicting inferences must presume – even if it does not affirmatively appear in the record – that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." *Walker v. Engle*, 703 F.2d 959, 969-70 (6th Cir. 1983). It is the job of the jury, not a federal habeas court, to resolve evidentiary conflicts. *See Jackson*, 443 U.S. at 326; *Martin*, 280 F.3d at 618. Given the trial record, the Court concludes that the state court's determination that a rational trier of fact could have found the elements of armed robbery, felon in possession of a firearm, and felony firearm beyond a reasonable doubt was reasonable. Habeas relief is not warranted on this claim.

B

Next, Petitioner asserts that he is entitled to habeas relief because the habitual offender notice did not comply with statutory requirements. Specifically, he claims that the record fails to establish that he received written notice of the intent to enhance his convictions within twenty-one days of his arraignment as required by state law. *See* Mich. Comp. Laws § 769.13. In addition, Petitioner asserts that the Michigan Court of Appeals failed to adequately address this issue. The respondent contends that these claims are state law issues which are not cognizable on federal habeas review.

The Michigan Court of Appeals denied relief on Petitioner's challenge to the timeliness of the habitual offender notice finding that the record indicated that Petitioner received appropriate notice of the fourth habitual offender charge as a matter of state law. *See Bobo*, 2004 WL 1228358 at *1.

As an initial matter, the Court finds that Petitioner's claim that he received untimely or inadequate notice of the habitual offender charge under Michigan law fails to state a claim which is cognizable upon federal habeas review. *See Tolbert v. LeCureaux*, 811 F.Supp. 1237, 1240-41 (E.D. Mich. 1993). It is well-settled that habeas relief may not be based upon a perceived violation of state law. *See, e.g., Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

Moreover, due process does not require advance notice that a trial on a substantive criminal charge will be followed by a habitual offender enhancement. Due process only requires that a defendant be given reasonable notice and an opportunity to be heard. *See Oyler v. Boles*, 368 U.S. 448, 452 (1962).

The record indicates that Petitioner and defense counsel received sufficient notice of the habitual offender charge. The state magistrate judge's complaint, signed on February 21, 2002,

provided a fourth habitual offender notice and Petitioner was not arraigned until March 22, 2002.

Additionally, the record reveals that Petitioner and defense counsel were well aware of the fourth

habitual offender notice by the time of trial.  This was sufficient to satisfy due process.  *See, e.g.,*

*United States v. Hudspeth*, 42 F.3d 1015, 1024 (7th Cir. 1994) (information filed eighteen days after

return of indictment and twenty-three days before plea gave adequate notice of prior convictions for

enhanced sentence); *LaMere v. Risley*, 827 F.2d 622, 623 (9th Cir. 1987) (notice of intent to seek

sentence enhancement given after conviction on underlying felony but three weeks before

sentencing was sufficient).  Petitioner also had an opportunity to be heard on the habitual offender

issue at sentencing.  In fact, he does not dispute that he had prior felony convictions which justified

the habitual offender sentencing enhancement.  Petitioner has thus failed to establish that he was

denied due process.  Accordingly, the Court concludes that the state court's denial of relief on this

issue is neither contrary to Supreme Court precedent nor an unreasonable application thereof.

Habeas relief is not warranted on these claims.

C

Petitioner also asserts that he is entitled to habeas relief because trial counsel was ineffective

for failing to seek a directed verdict on the felon in possession charge at trial and for failing to object

to the scoring of Offense Variables 4 and 12 at sentencing.  The respondent contends that these

claims are barred by procedural default, lack merit, and do not warrant habeas relief.

Federal habeas relief may be precluded on claims that a petitioner has not presented to the

state courts in accordance with the state's procedural rules.  *See Wainwright v. Sykes*, 433 U.S. 72,

85-87 (1977).  The doctrine of procedural default is applicable when a petitioner fails to comply with

a state procedural rule, the rule is actually relied upon by the state courts, and the procedural rule

is "adequate and independent." *White v. Mitchell*, 431 F.3d 517, 524 (6th Cir. 2006); *see also Howard v. Bouchard*, 405 F.3d 459, 477 (6th Cir. 2005). "A procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on a state procedural bar." *Harris v. Reed*, 489 U.S. 255, 263 (1989). The last *explained* state court judgment should be used to make this determination. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803-05 (1991). If the last state judgment is a silent or unexplained denial, it is presumed that the last reviewing court relied upon the last reasoned opinion. *Id*.

Petitioner first presented his ineffective assistance of trial counsel claims to the state courts in his motion for relief from judgment. Both the Michigan Supreme Court and the Michigan Court of Appeals denied relief pursuant to Michigan Court Rule 6.508(D), which provides, in part, that a court may not grant relief to a defendant if the motion for relief from judgment alleges grounds for relief which could have been raised on direct appeal, absent a showing of good cause for the failure to raise such grounds previously and actual prejudice resulting therefrom. *See* Mich. Ct. R. 6.508(D)(3). The Michigan Supreme Court's decision, while brief, was based upon an independent and adequate state procedural rule. *See Simpson v. Jones*, 238 F.3d 399, 407 (6th Cir. 2000) (Michigan Supreme Court's citation to MCR 6.508(D) to deny relief constitutes a reasoned decision invoking a procedural bar); *see also Alexander v. Smith*, _ F.3d _, 2009 WL 426261, *6 (6th Cir. Feb. 20, 2009) (confirming that *Simpson* is binding precedent); *cf. Ivory v. Jackson*, 509 F.3d 284, 292-93 (6th Cir. 2007), *cert. den.* _ U.S. _, 128 S. Ct. 1897 (2008) (ruling that it may be appropriate to look to the state trial court's decision denying a motion for relief from judgment to determine whether the appellate courts relied upon a procedural default in denying relief pursuant to MCR

-12-

6.508(D)); *Abela v. Martin*, 380 F.3d 915, 921-23 (6th Cir. 2004) (distinguishing case where Michigan Court of Appeals denied relief for lack of merit in the grounds presented).  In this case, the Michigan Supreme Court relied upon a clear state procedural default in denying Petitioner relief on his claims.

A state prisoner who fails to comply with a state's procedural rules waives the right to federal habeas review absent a showing of cause for noncompliance and actual prejudice resulting from the alleged constitutional violation, or a showing of a fundamental miscarriage of justice.  *See Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991); *Nields v. Bradshaw*, 482 F.3d 442 (6th Cir. 2007); *Gravley v. Mills*, 87 F.3d 779, 784-85 (6th Cir. 1996).

Petitioner alleges ineffective assistance of appellate counsel as cause to excuse his default. He cannot establish that appellate counsel was ineffective or that he was prejudiced so as to excuse his default because his claims predicated on the ineffective assistance of trial counsel lack merit. In *Strickland v. Washington,* 466 U.S. 668, 687 (1984), the United States Supreme Court set forth a two-pronged test for determining whether a habeas petitioner has received the ineffective assistance of counsel.  First, a petitioner must prove that counsel's performance was deficient.  This requires a showing that counsel made errors so serious that he or she was not functioning as counsel as guaranteed by the Sixth Amendment.   Second, Petitioner must establish that the deficient performance prejudiced the defense.  Counsel's errors must have been so serious that they deprived Petitioner of a fair trial or appeal.  *Id.*

With respect to the performance prong, a petitioner must identify acts that were "outside the wide range of professionally competent assistance" to prove deficient performance.  *Id.* at 690.  A habeas court's scrutiny of counsel's performance is highly deferential.  *Id.* at 689.  The court must

recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Id.* at 690.

To satisfy the prejudice prong under *Strickland*, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A reasonable probability is one that is sufficient to undermine confidence in the outcome. *Id.* "On balance, the benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on as having produced a just result." *McQueen v. Scroggy*, 99 F.3d 1302, 1311-12 (6th Cir. 1996) (quoting *Strickland*, 466 U.S. at 686).

Petitioner first claims that trial counsel was ineffective for failing to seek a directed verdict on the felon in possession of a firearm charge at trial. This claim lacks merit given the evidence presented at trial. Both Ms. Orr and Ms. Cooper testified that Petitioner robbed Ms. Orr at gunpoint. The prosecution also established that Petitioner had been convicted of a prior felony by admitting a certified copy of his prior conviction as trial exhibit six near the end of trial. *See* 8/27/02 Trial Tr., p. 4. In light of such evidence, any motion for a directed verdict on the felon in possession of a firearm charge would have been denied. Defense counsel cannot be deemed deficient for failing to make a futile objection or motion. *See McQueen*, 99 F.3d at 1328.

Petitioner also claims that trial counsel was ineffective for failing to object to Offense Variables 4 and 12 at sentencing. This claim lacks merit as well. The trial court scored Offense Variable 4 at ten points for serious psychological injury to the victims. This decision was appropriate given that Ms. Orr and Ms. Cooper testified that Petitioner confronted them in the driveway of Ms. Orr's home and robbed Ms. Orr at gunpoint and Ms. Orr specifically testified that

she was nervous and scared during the incident.   The trial court scored Offense Variable 12 at five

points for a contemporaneous felonious act.  This decision was also appropriate given that Petitioner

was not charged with robbing Ms. Cooper, but still committed a felonious assault upon her by

confronting her with a weapon.  Given such circumstances, trial counsel acted reasonably by not

objecting to the scoring of the two disputed offense variables.  As noted, defense counsel cannot be

deemed deficient for failing to make a futile objection or motion.  *See McQueen*, 99 F.3d at 1328.

 Petitioner has failed to establish that trial counsel was ineffective under the *Strickland* standard.

Thus, he cannot establish cause or prejudice to excuse his default.

Lastly, Petitioner has not demonstrated that a fundamental miscarriage of justice has

occurred.  The miscarriage of justice exception requires a showing that a constitutional violation

probably resulted in the conviction of one who is actually innocent. *See Murray v. Carrier*, 477 U.S.

478, 479-80 (1986).  To be credible, such a claim of actual innocence requires a petitioner to support

the allegations of constitutional error with new reliable evidence that was not presented at trial.

*Schlup v. Delo*, 513 U.S. 298, 324 (1995).  Moreover, actual innocence means factual innocence,

not mere legal insufficiency.  *Bousley v. United States*, 523 U.S. 614, 623 (1998).  Petitioner has

made no such showing.  His ineffective assistance of trial counsel claims are thus barred by

procedural default, otherwise lack merit, and do not warrant habeas relief.

D

Petitioner next asserts that he is entitled to habeas relief because appellate counsel was

ineffective for failing to raise the above two ineffective assistance of counsel issues on direct appeal.

The respondent contends that this claim lacks merit.  This Court agrees.  Petitioner cannot establish

that appellate counsel was ineffective under the standard set forth in *Strickland, supra*, as the foregoing claims lack merit. Habeas relief is not warranted on this claim.

E

Lastly, Petitioner asserts that he is entitled to habeas relief because the state courts failed to grant him an evidentiary hearing. The respondent contends that this claim lacks merit. Petitioner essentially claims that the state courts violated state law in denying his evidentiary hearing requests. However, a state court's alleged failure to properly apply state law or its own procedural rules, even if well-established, is not cognizable on federal habeas review. This Court's power to grant a writ of habeas corpus only extends to errors in the application of federal law. *See, e,g., Estelle v. McGuire*, 502 U.S. 62, 67-68 (1975). Habeas relief is unavailable for errors of state law and a federal court will not review a state court's decision on a matter of state law. *See Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Long v. Smith*, 663 F.2d 18 (6th Cir. 1981). To the extent that Petitioner asserts that the trial court violated state law in denying his evidentiary hearing request, he is not entitled to federal habeas relief. Further, given this Court's determination that the foregoing claims lack merit, Petitioner has not shown the need for an evidentiary hearing. Habeas relief is not warranted on this claim. For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief on the claims contained in his petition.

F

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court rejects a habeas claim on the merits, the substantial

showing threshold is met if Petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).  "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  In applying this standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.* at 336-37.  When a district court denies a habeas claim on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether Petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack*, 529 U.S. at 484-85.

For the reasons stated, the Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right as to his habeas claims and that jurists of reason would not find the Court's procedural default ruling debatable.

IV

 Accordingly, the petition for a writ of habeas corpus is **DENIED**.

It is further **ORDERED** that a certificate of appealability is **DENIED.**

It is further **ORDERED** that leave to proceed in forma pauperis on appeal is **DENIED** as any appeal would be frivolous. *See* Fed. R. App. P. 24(a).

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: May 14, 2009

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 14, 2009

s/Tracy A. Jacobs
TRACY A. JACOBS